GLADNEY, Judge.
Plaintiffs own a commercial lot with improvements thereon at the northeast corner of Amulet and Second Streets in the City of Natchitoches, Louisiana. On September 19, 1941, they entered into a written contract with defendant Allan T. Cox under the terms of which Cox agreed to erect on the lot a one-story stucco store building to cost $3,600, and thereafter pay monthly rent of $35 during the ten-year term of the lease, at the end of which *168 time- the building would become the property of lessors. After 1948 the building was in the possession of A. R. McCleary, one of the defendants herein, to whom Cox sublet the property. Upon expiration of the lease in 1951 possession was delivered to plaintiffs who executed a new lease with Jack Fisher, the present tenant.
When lessors regained possession of the property they demanded that Cox and Mc-Cleary make repairs in compliance with obligations imposed 'by th.e contract of lease which contained the following provisions: “He (lessee) shall maintain the building at all times in a good condition of repair at his own expense; * * *. Upon the termination of this lease, the lessee shall have the right to remove all fixtures placed in the building, placed therein for the use of the business to be conducted therein, and shall deliver the building, less the fixtures connected with the business to the lessor, but in no event shall any plumbing fixtures be removed but shall remain as a part of the premises.” Upon failure of Cox and McCleary to comply with their demands, plaintiffs instituted this suit. Respondents, by way of defense, assert that the building was left in a good state of repair except for usual wear and tear.
Trial resulted .in judgment being rendered in favor of plaintiffs for $268.52, a sum which the court ascertained would replace the roof in its original condition, restore the ceiling, and paint the inside and outside walls. The court permitted the lessee to remove the attic fan, but no other fixtures.
On appeal, plaintiffs’ most serious claim is that the court should have allowed an additional sum of $189.69 incurred in replacing the roof for $287.19. They also contend an amount- should be allowed for restoring an outside shed which was removed by one of Cox’s assignees after it had deteriorated beyond repair.
Defendants have answered the appeal and argue the judgment should have permitted them to remove the electrical lighting fixtures, certain partitions in the building, and a metal canopy on the. front of the building.
Except when otherwise provided by express agreement the LSA-Civil Code declares the lessor is legally required to make “all the repairs which may accidentally become necessary” and the lessee is bound to make at his expense certain enumerated repairs as pertain to the chimneys, plastering, floors, window glass, locks, etc., according to custom. It is therein provided that when an inventory has been made of the premises at the time of the lease, it is the duty of the lessee to deliver back everything in the same state in which it was when taken possession of by him, with due allowance for wear and tear and unavoidable . accidents. LSA-Civil Code, Articles 2693, 2715, 2716, 2717, 2719, ánd 2722. Also it is stipulated the lessee shall have the right to remove the improvements and additions which he has made, provided he leaves the leased premises in the state in which he received it. LSA-Civil Code, Article 2726.
The written contract has the effect of relieving plaintiffs from making the ordinary repairs imposed by statute. However, we do not think the contract relieves plaintiffs of structural repairs, that is to say, such as would require replacement of the framework or supporting timbers of the structure.' Likewise, we are of the opinion that in order to arrive at the proper interpretation of the agreement we must take into consideration the circumstances which prompted the parties involved to enter into the agreement. In this respect we note that the building was constructed in 1941 by Robert Henry who testified the building contains much material secured from the old structure it replaced. The use of such material was expressly authorized in the contract between plaintiffs and Cox. Wear and tear on such a building would, we think, be more rapid than would be the case if all new materials had been used. Doubtless also, during the war period repairs and the material used therein were restricted by wartime regulations. We have no doubt the judge a quo who observed and heard the witnesses and who *169 made a personal visitation to the building during the trial, gave consideration to all this in the rendition of his judgment.
In support of their demands plaintiffs offered the testimony of several contractors, the effect of which was that the property needed repairs which would cost about $1,200. However, after the property was leased to Jack Fisher he was authorized by plaintiffs to restore the building to a condition Satisfactory for his use. Fisher testified these improvements were made and he gave the exact cost of the repairs, including replacement of the ceiling and outside and inside painting. He is apparently satisfied with the present condition of the leased premises. The trial judge accepted Fisher’s testimony as determinative of proper repairs of the inside and outside of the building, and relied upon the testimony of Leon Roy, a contractor, as to the cost of restoring the roof. Plaintiffs assert that Mr. Henry who constructed the building originally described the roof thereon as being different from that referred to by Mr. Roy. The record does not so indicate and we are of the opinion the court properly appraised the type of roof that should be replaced.
Plaintiffs argue defendants should be required to replace a wooden shed which had deteriorated to the point of requiring its removal by a sublessee of Cox some years ago. We think that this item was properly disallowed, as it involves framework and supporting timbers which, in our opinion, are of a structural nature.
We find no error in the court’s rejection of the demands of defendants to remove electrical lighting fixtures, removable partitions and a metal canopy. The metal canopy is shown to have replaced a structure removed by Cox which was attached to the front of the building. It is tied into the wall of the building in such a manner we hardly think it can be classified as a movable. Nor do we see how the partitions could be removed without damage to the building. The lighting fixtures defendants would remove apparently replaced other fixtures necessary in the building and were not incidental to the business being operated on the leased premises.
We are of the opinion the judgment appealed from correctly determined the issues raised in the case and finding no error therein, it is, therefore, affirmed at appellants’ cost.